ORIGINAL

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

| | |
|---|---|
| In Re: LOY ARLAN BRUNSON, | **EMERGENCY PETITION FOR WRIT OF MANDAMUS** |
| Petitioner, | |
| v. | Case No._____ |
| HONORABLE ROBERT J. SHELBY, and the HONORABLE CECILIA M. ROMERO, | _____ |
| | Trial Court Case No. 2:21-cv-00175 |
| Respondents. | Judge: Robert J. Shelby |
| | Magistrate Judge: Cecilia M. Romero |

**EMERGENCY PETITION FOR WRIT OF MANDAMUS**

Petitioner Loy Arlan Brunson ("Brunson") moves this court with this *Emergency Petition For Writ Of Mandamus*.

JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1651 and Rule 21 of the Federal Rules of Appellate Procedure.

PARTIES

The only Respondents, whom together shall be referred to as "The Judges," are the Honorable Robert J. Shelby ("Honorable Shelby") along with the Honorable Cecilia M. Romero ("Honorable Romero") of the trial court.

Honorable Romero was assigned to this case (ECF 2) along with Honorable Shelby (ECF 9).

This case was filed by Brunson on or about March 23, 2021 naming 387 Defendants. 385 Defendants are members of the United States Congress while the remaining two are the President and Vice President of the United States of America. The trial court has not allowed a summons and complaint of this case to be served upon the said Defendants, therefore The Judges are the only Respondents.

RELIEF SOUGHT

For all the reasons explained below, an emergency exists to immediately instruct The Judges to recuse themselves for their failure to be impartial with instructions to recognize Judge Nielson as the presiding Judge of this case, and to grant Brunson's motion to leave of court (ECF 24) or sign Brunson's proposed order for leave of court (ECF 25) for Brunson's Third Amended Complaint and to have it served with the summons upon the Defendants by the United States Marshalls Service at no cost to Brunson, and for money damages as explained below.

ISSUES PRESENTED WITH SUPPORTING FACTS AND LAW

"To ensure that mandamus remains an extraordinary remedy, petitioners must show that they lack adequate alternative means to obtain the relief they seek. . . ." *Mallard v. United States District Court*, 490 U.S. 296, 309 (1989). And "When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act," and mandamus may issue to compel the trial judge to act. *O'Donniley v. Golden,* 860 S.W.2d 267, 269-70". *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269.

Brunson filed a request to submit for decision (ECF 11) on his motion for service of process, two days later Honorable Romero responded (ECF 15).

Brunson filed a motion for correction of docketing statement (ECF 13). The next day Honorable Shelby responded (ECF 16).

On Brunson's said 2 motions, The Judges responded within one to two days.

Brunson filed a motion for leave of court for his Third Amended Complaint along with his proposed order granting his leave of court (ECF 24 & 25) which was docketed respectfully on April 20, 2021. As of the date of this pleading 42 days have lapsed since it was docketed with no response from The Judges. During the said lapsed time Brunson filed an amended motion (ECF 28) on May 3rd, 2021 moving the court for a decision on the said proposed order along with an amended request to submit for decision on the said amended motion which was also filed on May 3rd, 2021 (ECF 29) to which The Judges have not addressed. This is despite the fact that Rule 15(a)(2) of the Federal Rules of Civil Procedure ("FRCP") states in part that "The court should freely give leave when justice so requires." In this case justice demands that Brunson be allowed to prove his claims of his Third Amended Complaint.

"To establish that the trial court abused its discretion by failing to rule, the relator must show that the trial court: (1) had a legal duty to perform a nondiscretionary act; (2) was asked to perform the act; and (3) failed or refused to do so." *In re Shredder Co., L.L.C.*, 225 S.W.3d 676, 679. This criteria is fully met herein.

The Judges failure to rule on Brunson's said motion to leave of court along with their failure to do so immediately allows Brunson to seek this mandamus to be issued. Their failure also closes the court against Brunson. It also makes The Judges biased against Brunson for the benefit of the Defendants. This is all a direct violation of Brunson's due process rights. It also requires recusal of The Judges for they are no longer impartial.

Appellate courts hold that the right to petition, the right of due process <u>without delay</u> is a fundamental right of due process, therefore an emergency exists to have this writ issued immediately without any more prolonged delay in order that Brunson may prove is his claims.

3

Brunson is also being prejudiced by the court for delaying Brunson's Third Amended Complaint to be served upon the Defendants.

Another serious emergency exists for this mandamus to be issued as quickly as possible is based upon the fact that two Defendants; President Biden and Vice President Harris as alleged by the Third Amended Complaint, were sworn into their capacities while strong factual evidence of a rigged election that gave them their win was never investigated, therefore these two Defendants are operating every day under fraud on a grand scale against the United States Of America, therefore Brunson must have his day in court as soon as possible to prove his claims.

The right of due process without delay is guaranteed by Article 1 Section 11, of the Utah Constitution and the Fourteenth Amendment of the United States Constitution:

- <u>Article 1 Section 11</u>: "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, **which shall be administered without denial or unnecessary delay**; and no person shall be barred from prosecuting or defending before any tribunal in this State, by himself or counsel, any civil cause to which he is a party." (bold italics added)

In addition:

- "The right of a litigant to be heard is one of the fundamental rights of due process of law. A denial of the right requires a reversal." <u>Council Of Federated Organizations v. MIZE</u>, 339 F.2d 898 (5th Cir. 1964).

- "[T]imely and adequate notice and an opportunity to be heard in a meaningful way are at the very heart of procedural fairness." (quotations, citations, and footnote omitted) <u>In re Worthen,</u> 926 P.2d at 876 (Utah 1996).

- "*[E]very person* who brings a claim in a court or at a hearing held before an administrative agency has a due process right to receive a fair trial in front of a fair tribunal." *Id.* (quotations and citations omitted)." <u>Brent Brown Dealerships v. Tax Com'n</u>, MVED, 2006 UT App 261.

- (". . . an opportunity to be heard in a meaningful way are at the very heart of procedural fairness . . .") <u>Brent Brown Dealerships v. Tax Com'n</u>, MVED, 2006 UT App 261.

- "A judgment is void "if the court that rendered it . . . acted in a manner inconsistent with due process." *Richins v. Delbert Chipman & Sons Co.*, 817 P.2d 382, 385 (Utah App. 1991) (quoting *Automatic Feeder Co. v. Tobey*, 221 Kan. 17, 558 P.2d 101, 104 (1976)); accord *In Re Estate of Jones*, 858 P.2d 983, 985 (Utah 1993); *Brimhall v. Mecham*, 27 Utah 2d 222, 224, 494 P.2d 525, 526 (1972); *Workman v. Nagle Constr., Inc.*, 802 P.2d 749, 753 (Utah App. 1990)" <u>*Jenkins v. Weis*</u>, 868 P.2d 1374 (Utah App. 1994).

Therefore as a matter of law, The Judges have a ministerial duty to grant Brunson's said motion for leave of court or sign his said proposed order without delay, which by law allows this mandamus to issue as quickly as possible. Also, their failure to grant the said leave makes them biased against Brunson for the protection of Defendants especially under the fact that <u>no Defendants of this case have been properly served with any summons and complaint</u>.

The biased or partial nature of The Judges against Brunson is huge. Per the docket (ECF 18) dated March 29, 2021, Brunson's Amended Complaint was filed. Two days later on March 31st, it was served upon several of the Defendants and then a notice, on the same day, was given from the court that the summons was issued by mistake and that this event was stricken (ECF 18, 19), and then on the same day, March 31st an "ORDER" was given from the court claiming that Brunson's amended complaint was deficient, which is why the said event was stricken (ECF 20), and that this deficiency did not comply with Rule 8 of the Federal Rules of Civil Procedure, and that Brunson was ordered to cure this deficiency within 30 days of the said ORDER or his claims may be dismissed. Brunson did timely satisfy this "ORDER" by submitting to the court his Second Amended Complaint (ECF 22).

Another biased act of the Honorable Shelby is found under his order (ECF 16) wherein he cited Brunson's motion (ECF 13) by stating that "Brunson moves the court to show on the docket that Judge Nielson 'was assigned to this case as the presiding Judge, unless he recuses himself.'" Honorable Shelby further stated that "In this case, the Clerk's Office mistakenly assigned this case randomly to a District Court Judge [Judge Nielson] in the first instance, rather

than a Magistrate Judge, as General Order 20-034 requires. It promptly fixed the error by randomly assigning the case to a Magistrate Judge, Judge Cecilia Romero, as it should have initially done." Herein Judge Shelby admits that in the first instance it was assigned to Judge Nielson, after this mistake it was reassigned to another judge despite the fact that Judge Nielson did not recuse himself, therefore Judge Nielson is the presiding Judge of this case not Honorable Shelby which the court docket does not reflect and as such this has denied Brunson of his due process rights under procedural fairness.

Furthermore, whether it was a mistake or not, The Honorable Shelby has failed to show how the said General Order 20-34 is controlling, therefore the fact that in the **first instance** Judge Nielson was assigned as the presiding Judge of this case automatically circumvents the Honorable Romero from being on this case, and as such there shall be no Magistrate Judge assigned to this case.

The said ORDER signed by Honorable Romero circumvented Rule 12(b)(6) of the FRCP which is strictly reserved for Defendants or a party to this action, the ORDER then overstepped its bounds by acting as though it was a Defendant/litigant or a party to this action, it then gave an analysis of Brunson's Amended Complaint as being deficient and then it ruled on it as well. All though Brunson satisfied the ORDER it does not cure any biased nature of The Judges. The ORDER sought to protect the Defendants from Brunson's claims and seeks to do so now by refusal of The Judges to grant the said proposed order of leave of court or grant the said motion for leave of court in order for Brunson's Third Amended Complaint to continue.

Honorable Shelby could at any time step in and grant the said motion for leave of court or the proposed order for leave of court. He has stepped in and ruled on a motion after Romero was assigned as the judge to this case. For example, Honorable Shelby ruled on a motion (ECF 16)

one day after it was filed by Brunson (ECF 13) and one day after this case was assigned to the Honorable Romero (ECF 12), therefore his refusal to grant Brunson's said order or said motion clearly demonstrates more of the Honorable Shelby's biased nature against Brunson.

Furthermore, being that no Defendants have been properly served with a summons and complaint of this action, this case has come between Brunson and The Judges over whether or not Brunson's claims are to be served upon the Defendants. The Honorable Shelby could easily grant the said motion for leave of court, or sign the proposed order, or he could have kept the ORDER from happening, or striking it on the docketing statement and allowing Brunson's claim to be served upon the Defendants. Iinstead the Honorable Shelby was silent. "The principle of estoppel by silence arises where a person is under a duty to another to speak, but refrains from doing so and thereby leads the other to act in reliance on a mistaken understanding of the facts. *A. R. Clark Investment Company v. Green*, 375 S.W.2d 425 (Tex.1964)." Again, because there are no Defendants on record, and because an argument has ensued between the court and Brunson over his claims to be served against Defendants, the Honorable Shelby has a duty to ensure that the court is impartial in this case which he has not done, therefore he is clearly biased.

"Section 455(a) of Title 28 of the United States Code requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."" *Liteky Et Al. v. United States* 510 U.S. 540 (1994).

The ORDER also violates the separation of powers doctrine. The ORDER jumped out of judicial powers into executive powers by prosecuting this case against Brunson. "It is also essential to the successful working of this system that the persons intrusted with power in any one of these branches shall not be permitted to encroach upon the powers confided to others, but

7

that each shall by the law of its creation be limited to the exercise of the powers appropriate to its own department and no other." _McCray v. United States_ 195 U.S. 27 (1904) And '[C]ourts are essentially passive instruments of government.' _United States_ v. _Samuels_, 808 F. 2d 1298, 1301 (CA8 1987) (Arnold, J., concurring in denial of reh'g en banc)). They 'do not, or should not, sally forth each day looking for wrongs to right. [They] wait for cases to come to [them], and when [cases arise, courts] normally decide only questions presented by the parties.' _Ibid. Id._ at 1579." _US v. Sineneng-Smith_, 140 S. Ct. 1575.

The ORDER violated the separation of powers doctrine, and under this writ The Judges are now litigants in this action, "The reasons for this Court's chary authorization of mandamus as an extraordinary remedy have often been explained. See _Kerr_ v. _United States District Court,_ 426 U. S. 394, 402-403 (1976). Its use has the unfortunate consequence of making a district court judge a litigant, and it indisputably contributes to piecemeal appellate litigation." _Allied Chemical Corp. Et Al. v. Daiflon, Inc_. 449 U.S. 33 (1980).

The Third Amended Complaint seeks, among other things, money damages of in the total amount of $2,905,000,000 (2 Billion 905 million dollars) (ECF 24 & 25). Due to The Judges prosecuting the case against Brunson, and for the refusal to grant Brunson's said motion for leave of court which has wrongfully closed the door against Brunson which also has profiled him as a deficient litigant, which The Judges have not yet corrected, and which is impairing Brunson's ability to seek money damages against the Defendants, Brunson hereby demands that The Judges pay Brunson $2,905,000,000 (2 Billion 905 million dollars) as money damages equal to that sought for in Brunson's Third Amended Complaint.

WHEREFORE, for the reasons stated above, Brunson moves this court with his emergency writ of mandamus to be issued without delay ordering and compelling that The Judges recuse

themselves, and that the court is to reflect that Judge Nielson was in the first instance assigned to this case and because he never recused himself, that Judge Nielson be recognized as the presiding judge of this case, and that there be no Magistrate Judge assigned to this case, and with an order to grant the said leave of court and that the Third Amended Complaint is to be served upon the Defendants by the U.S. Marshalls Service at no cost to Brunson, and that Brunson also be awarded his filing fee of $500.00 for this writ along with the said money damages against The Judges.

Dated this the 1st day of June, 2021.

*/s/ Loy Arlan Brunson*
Loy Arlan Brunson
Plaintiff

**Loy Arlan Brunson**
**138 East 12300 South #C-196**
**Draper, UT 84020**
**Telephone: 801-602-3628**
**Email: Loy@7discoveries.com**
**Pro Se**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of June, 2021 I hand delivered to the named individuals below a true and correct copy of **EMERGENCY PETITION FOR WRIT OF MANDAMUS**

Magistrate Judge Cecilia M. Romero
351 S W Temple
Salt Lake City, UT 84101

Judge Robert J. Shelby
351 S. West Temple
Salt Lake City, UT 84101

Deron Brunson

**Abby Transport**
138 E 12300 S #C 196
Draper, UT 84020
801-571-3199

Wells Fargo Bank
Salt Lk City, UT 84111-2003

7022

31-297
1240

DATE 06/01/2021

PAY **$500.00**

Five Hundred Dollars and No Cents                                          DOLLARS

TO THE
ORDER
OF

**Clerk, Tenth Circuit Court of Appeals**
**The Bryon White U.S. Courthouse**
**1823 Stout Street**
**Denver, CO 80257**

MEMO _____

⑂007022⑂ ⑊124002971⑊ 716112385⑂

Check sent to Robert Stephens
6-2-21



U.S. POSTAGE PAID
PME 1-Day
SALT LAKE CITY, UT
84101
JUN 01 21
AMOUNT
$26.35
R2304H108304-88

1007  80257





PRESS FIRMLY TO SEAL

PRIORITY MAIL EXPRESS®

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

Schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



UNITED STATES POSTAL SERVICE ® | PRIORITY MAIL EXPRESS®

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)   PHONE ( 801 ) 636-4849

Loy Brunson
138 East 12300 South
C-196
Draper, Utah 84020

**DELIVERY OPTIONS (Customer Use Only)**
☐ SIGNATURE REQUIRED
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)

TO: (PLEASE PRINT)   PHONE ( 303 ) 335-2729

The Bryon White U.S. Courthouse
Clerk, Tenth Circuit Court of Appeals.
1823 Stout Street, Denver, Colo.

ZIP + 4® (U.S. ADDRESSES ONLY)
8 0 2 5 7 -

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.


PEEL FROM THIS CORNER


EJ 825 962 196 US

**PAYMENT BY ACCOUNT (if applicable)**

**ORIGIN (POSTAL SERVICE USE ONLY)**
☒ 1-Day  ☐ 2-Day  ☐ Military  ☐ DPO
PO ZIP Code: 84101
Scheduled Delivery Date (MM/DD/YY): 0602
Postage: $26.35
Date Accepted (MM/DD/YY): 0601
Scheduled Delivery Time: ☒ 6:00 PM
Insurance Fee: —
COD Fee: —
Time Accepted: 10:14 ☒ AM ☐ PM
Return Receipt Fee: —
Live Animal Transportation Fee: —
Special Handling/Fragile: —
Sunday/Holiday Premium Fee: —
Total Postage & Fees: $26.35
Weight: 4 lbs ozs  ☐ Flat Rate
Acceptance Employee Initials: SK

**DELIVERY (POSTAL SERVICE USE ONLY)**
Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature
Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature

LABEL 11-B, MAY 2021   PSN 7690-02-000-9996



UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

June 02, 2021

Loy Arlan Brunson
138 East 12300 South, Apt C-196
Draper, UT 84020

**RE:**   21-4074, In re: Loy Brunson, et al
Dist/Ag docket: 2:21-CV-00175-RJS-CMR

Dear Mr. Brunson:

Your petition for writ of mandamus was docketed today. Please note the case number above. You will be notified as soon as the court takes action on this matter.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

CMW/djd