FILED
United States Court of Appeals
Tenth Circuit

July 12, 2021

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

In re: LOY ARLAN BRUNSON,

          Petitioner.

No. 21-4074
(D.C. No. 2:21-CV-00175-RJS-CMR)
(D. Utah)

_____

**ORDER**
_____

Before **BACHARACH**, **MORITZ**, and **EID**, Circuit Judges.
_____

    Loy Arlan Brunson has a pending lawsuit in the District of Utah, and he has filed an "Emergency Petition for Writ of Mandamus" seeking (1) the recusal of Chief Judge Robert J. Shelby and Magistrate Judge Cecilia M. Romero, and (2) an order directing that his motion for leave to file a third amended complaint be granted and that service be made on the defendants. He also seeks both an award of $500 for the fee he paid to file his petition and a 2.9 billion dollar damages award against the judges. His petition is denied.

    "For mandamus to issue, there must be a clear right to the relief sought, a plainly defined and peremptory duty on the part of respondent to do the action in question, and no other adequate remedy available." *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990). Brunson "must also show that his right to the writ is clear and indisputable." *Id.* (internal quotation marks omitted).

Brunson has not shown a clear and indisputable right to relief. First, this court has held that mandamus is an appropriate vehicle to seek review of the district court's denial of a recusal motion. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (per curiam). The district court's docket sheet, however, does not reflect that Brunson has ever filed a recusal motion, and mandamus is inappropriate when the litigant has not first availed himself of the remedies offered by 28 U.S.C. §§ 144 and/or 455. *See Nichols*, 71 F.3d at 350 (noting that mandamus "petitioners must show that they lack adequate alternative means to obtain the relief they seek" (internal quotation marks omitted)). And even if Brunson had filed a recusal motion in the district court, we discern no legitimate basis for the judges in this case to be disqualified.

Second, Brunson's motion for leave to file a third amended complaint was only filed on April 20, 2021. While inordinate delay in the proceedings before the district court may warrant the issuance of a writ, *see Johnson*, 917 F.2d at 1284-85, there has been no such delay here. Accordingly, we deny his request for a writ of mandamus directing the district court to grant his motion for leave to file a third amended complaint. We also deny Brunson's requests for an award of his $500 filing fee and money damages against the judges.

                                                        Entered for the Court

                                                        CHRISTOPHER M. WOLPERT, Clerk