TRINA A. HIGGINS, United States Attorney (7349)
ANDREW CHOATE, Assistant United States Attorney (13615)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682
andrew.choate@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LOY ARLAN BRUNSON,<br><br>Plaintiff,<br><br>v.<br><br>ALMA S. ADAMS, *et al.*,<br><br>Defendant. | **MOTION TO DISMISS FOR LACK OF JURISIDICTION AND FAILURE TO STATE A CLAIM FOR RELIEF**<br><br>Case No. 2:21-cv-00175-RJS-CMR<br><br>Judge Robert J. Shelby<br>Magistrate Judge Cecilia M. Romero |

## INTRODUCTION

Plaintiff Loy Arlan Brunson, appearing pro se, filed this action against 388 federal officers in their official capacities ("Defendants"). In his Fourth Amended Complaint, Brunson asserts a variety of tort claims—including promissory estoppel, negligence, intentional infliction of emotional distress, fraud, and civil conspiracy—against Defendants for "refus[ing] to investigate" the 2020 "rigged and fraudulent election."[1] Defendants now move to dismiss this action pursuant to FED. R. CIV. P.12(b)(1) because this Court lacks subject-matter jurisdiction over Brunson's claims. First, Brunson lacks Article III standing to pursue his claims. Second,

---

[1] Fourth Am. Compl. ("FAC") ¶¶ 9, 13 (Docket No. 41).

Brunson has failed to identify a waiver of sovereign immunity that authorizes any of his causes of action. Third, Brunson's claims are barred by absolute legislative immunity.

Alternatively, dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate because Brunson has failed to state a claim for relief.[2]

### FACTUAL BACKGROUND

Brunson's current complaint is nearly identical to an earlier complaint filed by Brunson's brother.[3] That action was dismissed for want of subject-matter jurisdiction by this Court on February 2, 2022.[4]

Brunson alleges that he is an individual residing in Utah County, Utah, and that he voted in the 2020 presidential election.[5] He claims that the 2020 Presidential Election was fraudulent and that elected members of the United States Congress, Vice President Kamala Harris, former Vice President Michael Pence, and President Joseph Biden violated their oaths of office and failed to investigate claims of election fraud.[6] Brunson alleges six causes of action against the defendants in this matter, all based on his argument that the 2020 presidential election was fraudulent: (1) promissory estoppel based on Defendants allegedly failing to protect Brunson's

---

[2] This matter should also be dismissed because Brunson has failed to timely and properly serve the United States. *See* Fed. R. Civ. P. 4(i). While Brunson asserts that a copy of his fourth amended complaint was served by mail on each defendant, there is no evidence on the docket that he delivered a copy to the United States Attorney's Office, as required.

[3] *See generally* Complaint, *Raland Brunson v. Adams, et al.*, No. 1:21-cv-00111-JNP (Docket No. 2–1).

[4] *Raland Brunson v. Adams*, No. 1:21-cv-00111-JNP, 2022 WL 306499 (D. Utah Feb. 2, 2022), *appeal docketed*, No. 22-4007 (10th Cir. Feb. 10, 2022).

[5] FAC ¶¶ 1–2.

[6] *Id.* ¶¶ 32–35.

right to participate in an honest and fair election;[7] (2) promissory estoppel based on Defendants allegedly giving aid and comfort to enemies of Brunson's right to vote in an honest and fair election;[8] (3) negligence;[9] (4) intentional infliction of emotional distress;[10] (5) fraud;[11] and (6) civil conspiracy.[12] As redress for his alleged injuries, Brunson seeks approximately $2.9 billion in money damages and an order from this Court removing Defendants from office and referring each defendant to be investigated for treason, among other things.[13]

## STANDARD OF REVIEW

Under FED. R. CIV. P. 12(b)(1), a court should "presume no jurisdiction exists."[14] The burden of establishing subject-matter jurisdiction "rests upon the party asserting jurisdiction."[15] To establish jurisdiction, a plaintiff "must 'allege in his pleading the facts essential to show jurisdiction' and 'must support [those facts] by competent proof.'"[16]

Generally, *pro se* pleadings should "be liberally construed."[17] However, even lay plaintiffs must comply with the same pleading standards and rules as other litigants and the same

---

[7]   *Id*. ¶¶ 73–87.

[8]   *Id*. ¶¶ 88–92.

[9]   *Id*. ¶¶ 93–96.

[10]  *Id*. ¶¶ 97–105.

[11]  *Id*. ¶¶ 106–27.

[12]  *Id.* ¶¶ 128–33.

[13]  *Id*. ¶¶ 182–83.

[14]  *United States ex rel. Precision Co. v. Koch Indus.*, 971 F.2d 548, 551 (10th Cir. 1992).

[15]  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[16]  *Koch Indus.*, 971 F.2d at 551 (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

[17]  *Estell v. Gamble*, 429 U.S. 97, 106 (1996); FED. R. CIV. P. 8(e).

3

jurisdictional, procedural, and factual standards for pleadings apply to *pro se* litigants.[18] Courts should not advocate for litigants who elect to proceed without counsel[19] and need not provide leave for a plaintiff to amend their pleadings if it finds such amendments would be futile.[20]

## ARGUMENT

I.  **Brunson has failed to establish Article III standing.**

In order to maintain standing in this suit, Brunson must establish that he: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[21] Because Brunson cannot demonstrate that he has suffered an injury in fact or that his claims can be successfully redressed by this Court, his suit must be dismissed.

   A.  **Brunson has not suffered an injury in fact that is personal to him.**

To establish an injury in fact, a plaintiff must show that they suffered "an invasion of a legally protected interest" at the hands of the Defendants that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."[22] For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way."[23] For an injury to be concrete, it

---

[18] See *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[19] See *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[20] *Bradley v. Val-Mejias*, 379 F.3d 892, 900–01 (10th Cir. 2004).

[21] *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 337 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)); *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

[22] *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560).

[23] *Id.*

4

must be "real" and "actually exist."[24] In this matter, Brunson alleges that the 2020 presidential election was fraudulent or rigged and that certain legislators and executive officials did nothing to investigate the results of the election, but has failed to establish how this caused him a particularized injury. Courts have consistently held that a plaintiff claiming only a generally available grievance about government, unconnected with a threatened concrete interest of his own, does not state an Article III case or controversy.[25] This is the case because "[v]indicating the public interest is the function of the Congress and the Chief Executive."[26]

In *Raland Brunson v. Adams, et al.*, plaintiff Raland Brunson raised exactly the same grievances as Brunson does in this case. In considering the motion to dismiss filed by Defendants in that case, Magistrate Judge Bennett held that Raland Brunson had "failed to establish standing . . . because all of his causes of action plead generalized claims of legislative nonfeasance arising out of the counting of electors' votes." As Magistrate Judge Bennett explained, "Mr. Brunson's purported injury is precisely the type of undifferentiated and generalized grievance about the

---

[24] *Id.* at 340.

[25] *Lujan*, 504 U.S. at 555 (citing *Fairchild v. Hughes*, 258 U.S. 126, 129-130 (1922)) (generally available grievance about government unconnected with a concrete injury does not confer standing)*; Lance v. Coffman*, 549 U.S. 437, 439 (2007) (dismissing for lack of Article III injury in fact the voters' challenge to redistricting plan); *Cogswell v. United States Senate*, 353 F. App'x 175, 175–76 (10th Cir. 2009) *(unpublished)* (affirming dismissal of generalized grievance alleging unconstitutional Senate delay in filling two district court vacancies)*; Raiser v. Daschle*, 54 F. App'x 305, 306–07 (10th Cir. 2002) *(unpublished)* (affirming dismissal of challenge to Senate's rule referring judicial nominations to Judiciary Committee, holding that pendency of plaintiff's other cases and "claims of alleged delay because of vacancies in the courts do not establish an injury")*.*

[26] *Lujan*, 504 U.S. at 576.

conduct of government that courts have declined to consider based on standing."[27] The same is true here. Brunson has failed to show anything more than a generalized grievance about the government and a claim that officials from the executive and legislative branches of the United States Government failed to follow the law. There is no claimed injury that separates him from any other citizen of the United States who can lawfully vote, and because of that, Brunson has failed to show any injury that is concrete or personal to him. Therefore, Brunson lacks standing to pursue this action and his complaint should be dismissed.

    **B.**    **Brunson's claims cannot be redressed by this Court.**

In order to have standing, Brunson must also establish that his alleged injury is likely to be redressed by a favorable judicial decision.[28] Here, even if Brunson could establish that he has suffered an injury in fact sufficient for Article III standing, this Court cannot order the equitable relief he seeks. Specifically, this Court cannot order that members of Congress be removed from office or require that Congress investigate matters before them.[29] Because Brunson's alleged

---

[27] *Raland Brunson v. Adams*, No. 1:21-cv-00111-JNP, 2022 WL 316718, at *3 (D. Utah Jan. 6, 2022) (unpublished).

[28] *Spokeo*, 578 U.S. at 338.

[29] *See Roudebush v. Hartke*, 405 U.S. 15, 18–19 (1972) (recognizing that "who is entitled to the office of Senator" is an "unconditional and final" judgment exercised by the Senate alone) (citing Senate's constitutional power to Judge elections); *Barry v. United States ex rel. Cunningham*, 279 U.S. 597, 613 (1929) (Senate power to Judge the elections of its Members authorizes it to "render a judgment which is beyond the authority of any other tribunal to review"); *Wright v. Brady*, No. Civ. A. H-06-2021, 2006 WL 2371327, at *1 (S.D. Tex. Aug. 15, 2006) (unpublished) ("This court has no authority to order a sitting congressman removed from Congress."); *see also Kelley v. Wall*, No. Civ. A. 10-233 ML, 2010 WL 5176172, at *5 (D. R.I. Nov. 30, 2010) (unpublished) ("[I]t is not within the purview of the Court to order Congress to undertake an investigation."), *adopted by Kelley v. Wall*, No. Civ. A. 10-233 ML, 2010 WL 5313296 (D. R.I. Dec. 20, 2010) (unpublished).

injuries and equitable relief sought may not be redressed by a favorable judicial decision, Brunson lacks Article III standing in this matter.

II. **The United States has not waived its sovereign immunity for any of Brunson's claims.**

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued."[30] "In general, federal agencies and officers acting in their official capacities are also shielded by sovereign immunity."[31] The United States' consent to be sued is "a prerequisite for jurisdiction."[32] In order for the United States to waive this sovereign immunity, the waiver "cannot be implied but must be unequivocally expressed."[33] When the United States has not waived its sovereign immunity, the lawsuit must be dismissed.[34] Even if a lawsuit is brought pursuant to a statute in which the United States expressly waives its sovereign immunity, the suit must strictly comply with the terms of the statute or else it is subject to dismissal.[35]

This Court lacks subject-matter jurisdiction over this action because Brunson has failed to establish that any waiver of sovereign immunity is applicable to his claims. First, the United States has not waived its sovereign immunity for any claims of promissory estoppel. Second, while the Federal Tort Claims Act provides a limited waiver of sovereign immunity for tort

---

[30] *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

[31] *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) (citing *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002)).

[32] *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

[33] *Id.* (quoting *United States v. King*, 395 U.S. 1, 4 (1969)).

[34] *Flute v. U.S.*, 808 F.3d 1234, 1239 (10th Cir. 2015).

[35] *Sherwood*, 312 U.S. at 590.

claims against the United States, there is no evidence, or even allegation, that Brunson has exhausted his administrative remedies before filing suit, as required. And finally, the United States has not waived its sovereign immunity for any constitutional claims. Therefore, the court lacks subject-matter jurisdiction.

### A. Promissory Estoppel Claims.

Brunson's first two causes of action for alleged promissory estoppel are barred because he has not pled any basis for waiver of sovereign immunity for those claims.[36] And even if Brunson had a proper claim for promissory estoppel, such claim could only be brought in the Court of Federal Claims. Specifically, 28 U.S.C. § 1346(a)(2) precludes federal district court jurisdiction over contract actions against the United States where more than $10,000 is sought.

### B. Tort Claims

Nor is there is a waiver of immunity for Brunson's claims that sound in tort. The only waiver of federal sovereign immunity for tort claims is under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671–2680.[37] The FTCA is a limited waiver of the United States' sovereign immunity. The FTCA's waiver of immunity is limited to causes of action against the United States arising out of certain torts committed by federal employees acting

---

[36] *See Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 126–28 (D.D.C. 2016) (dismissing promissory estoppel claims against federal government employees, regardless whether claims sounded in contract or tort); *Orleans Parish Commc'n Dist. v. FEMA*, No. 11-209, 2011 WL 4829887, at *8 n.5 (E.D. La. Oct. 12, 2011) (same) (unpublished); *see also Jablon v. United States*, 657 F.2d 1064, 1070 (9th Cir. 1981) (dismissing promissory estoppel claim against government, stating "[w]e have not discovered, and the parties have not cited, any precedent in this circuit for an independent cause of action against the government founded upon promissory estoppel. Neither have we discovered a statute which would allow Dr. Jablon to sue the United States in this instance.").

[37] *In re Franklin Savings Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004).

within the scope of their employment.[38] Because the FTCA is only a limited waiver of the United States' sovereign immunity, it is subject to a number of exceptions.[39] These exceptions are to be "strictly observed and exceptions thereto are not to be implied."[40]

First, only the United States, and not its officers, such as Defendants, can be sued under the FTCA.[41] Moreover, Brunson cannot pursue his tort claims because the FTCA does not waive sovereign immunity where there is a failure to exhaust administrative remedies before filing suit. To invoke the FTCA's limited waiver of sovereign immunity, Congress requires each plaintiff to first present the claim to the agency whose employees allegedly committed the negligent or wrongful act, and, absent an agency denial, wait six months for the agency to act, before filing suit.[42] Accordingly, failure to exhaust administrative remedies precludes a court from exercising subject-matter jurisdiction over any alleged tort claim.[43] Brunson does not allege that he presented any of his claims to the appropriate federal agency or body or that any such claims

---

[38] See *United States v. Orleans*, 425 U.S. 807, 813 (1976).

[39] See, e.g., 28 U.S.C. §§ 1346(b), 2680; *Orleans*, 425 U.S. at 813.

[40] *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957)).

[41] 28 U.S.C. §§ 2679(a)–(b); *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).

[42] 28 U.S.C. § 2675(a).

[43] See, e.g., *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit."); *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016).

have been denied.[44] Therefore, Brunson cannot invoke the FTCA's limited waiver of sovereign immunity, and dismissal is appropriate.[45]

### C. Constitutional Claims.

Finally, it is unclear from Brunson's complaint if he is asserting constitutional claims against the Defendants. To the extent he seeks to do so, though, those claims should fail. The United States has not waived its sovereign immunity for it, its agencies, or employees in their official capacities to be sued for damages for allegedly violating the Constitution.[46] Thus, to the

---

[44] *See Sunnen v. N. Y. State Dep't of Health*, 544 F. App'x 15, 17 (2d Cir. 2013) (unpublished) (affirming dismissal of claims against senator for failure to exhaust administrative remedies); *Keyter v. McCain*, No. 06-15253, 207 F. App'x 801, 802 (9th Cir. 2006) (unpublished) (affirming FTCA dismissal for failure to exhaust in action against Senator for allegedly conspiring against plaintiff); *Brawner v. Educ. Mgmt. Corp.*, No. Civ. A. 11-6131, 2012 WL 3064019, at *6 (E.D. Pa. July 27, 2012) (unpublished) (stating, in dismissing action against Senator, that "[n]othing in the Complaint or in plaintiff's responsive briefs, read in the light most favorable to him, suggests that he took steps to exhaust his administrative remedies before filing a suit in federal court") (citation omitted), *aff'd*, 513 F. App'x 148, 151 n.3 (3d Cir. 2013); *De Masi v. Schumer*, 608 F. Supp. 2d 516, 524–25 (S.D.N.Y. 2009) (same, "fail[ure] to allege" exhaustion).

[45] While plaintiff's failure to allege exhaustion of his FTCA administrative remedies is dispositive, the Office of the Senate Sergeant at Arms, which is charged with processing administrative tort claims filed with the Senate under the Act, see S. Res. 492, 97th Cong. (1982), reprinted in Senate Manual, S. Doc. No. 116-1, § 112 (2020), available at S. Doc. 116-1 - Section 112: TORT CLAIMS PROCEDURES - Content Details - SMAN-116-pg182-2 (govinfo.gov), has confirmed that, as of May 3, 2022, it has no record of any claim submitted by the plaintiff. Even if plaintiff submitted an FTCA claim after May 3, 2022, and obtained a denial of that claim, his complaint would nevertheless be barred because this jurisdictional prerequisite must be completed prior to filing suit. *See McNeil*, 508 U.S. at 112-13. Likewise, there is no record of an administrative tort claim submitted by plaintiff to the U.S. House of Representatives.

[46] *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) ("[T]he United States simply has not rendered itself liable . . . for constitutional tort claims."); *Martinez v. Winner*, 771 F.2d 424, 442 (10th Cir. 1985) (holding that there was no waiver of sovereign immunity to bring constitutional claims against the Department of Justice or its employees sued in their official capacities).

extent Brunson is seeking to assert any constitutional claims against Defendants, such claims should be dismissed.[47]

### III. Brunson's claims are barred by absolute legislative immunity.

One of the important constitutional functions performed by members of Congress and the Vice President is to count the electoral college votes for President and Vice President, and "announce the[ir] decision," as mandated by the Twelfth Amendment and federal statutory law.[48] All of Brunson's claims against members of Congress and the former Vice President concern the performance of those duties during a constitutionally mandated joint session of Congress with the former Vice President, as President of the Senate, serving as the presiding officer. Thus, these causes of action are also barred by the doctrine of absolute legislative immunity under the Speech or Debate clause of the Constitution found in Article I, section 6. It states: "The Senators and Representatives . . . for any Speech or Debate in either House, . . . shall not be questioned in any other Place." This clause affords Members of Congress an absolute immunity from all claims arising out of their conduct in the legislative sphere.[49] "[T]he Clause applies not just to speech and debate in the literal sense, but to all 'legislative acts.'"[50] "The power of the Congress to conduct investigations is inherent in the legislative process."[51] Speech or Debate immunity

---

[47] *See* FAC ¶¶ 17, 20–22, 29–31.

[48] 3 U.S.C. § 15.

[49] 28 U.S.C. § 2674 (preserving legislative immunity as a defense in FTCA actions); *see also McCarthy v. Pelosi*, 5 F.4th 34, 38 (D.C. Cir. 2021), *cert. denied*, 142 S. Ct. 897 (2022) ("[T]he Supreme Court has consistently read the Speech or Debate Clause broadly to achieve its purposes.") (internal quotations and citations omitted).

[50] *McCarthy*, 5 F.4th at 39 (quoting *Doe v. McMillan*, 412 U.S. 306, 311–12 (1973)).

[51] *Watkins v. United States*, 354 U.S. 178, 187 (1957).

thus bars claims about the use, or lack of use, of that power.[52] Thus, the Speech or Debate Clause also bars Brunson's claims.[53]

---

[52] *See Rockefeller v. Bingaman*, 234 F. App'x 852, 855 (10th Cir. 2007) (unpublished) (holding that Speech or Debate immunity barred suit challenging the "decision of individual Congressmen not to take legislative action in response to [plaintiff's] prompts") (emphasis added); *Peterson v. Hatch*, No. 96-4023, 1996 WL 421946, at *1 (10th Cir. July 26, 1996) (unpublished) ("The essence of the complaint in this case is that Appellant disagrees with Senator Hatch's legislative judgment . . .. [T]he Speech and Debate Clause precludes judicial reexamination of those legislative policy choices "); *Voinche v. Fine*, 278 F. App'x 373, 374 (5th Cir. 2008) (unpublished) (Speech or Debate immunity barred suit against Congressmen "for their alleged failure to investigate his claims"); *Ray v. U.S. Senate*, 892 F.2d 1041, 1989 WL 156929 (4th Cir. 1989) (unpublished) (holding Speech or Debate Clause barred suit, stating plaintiff "cannot claim damages for a committee's or a senator's failure to act on her behalf"); *Schacher v. Feinstein*, 2:16-cv-08726, 2017 WL 7833631, at *1 (C.D. Cal. Jan. 11, 2017) (unpublished) (dismissing on Speech or Debate grounds "frivolous" suit against Senator to compel her to investigate).

[53] Brunson's claims against the Members of Congress not elected from Utah are also subject to dismissal for lack of personal jurisdiction because the Fourth Amended Complaint fails to allege the requisite minimum contacts with the forum state to subject them to suit in this state. *See Liberation News Serv. v. Eastland*, 426 F.2d 1379, 1384-85 (2d Cir. 1970) (affirming dismissal of suit against United States Senators for lack of personal jurisdiction); *Subramaniam v. Beal*, 2013 WL 5462339, at *3 (D. Or. Sept. 27, 2013) *(unpublished)* (dismissal for lack of personal jurisdiction of action against former Senator for conduct arising out of the performance of official duties); *Wade v. Akaka*, 2012 WL 6115656, at *4 (S.D. Tex. Nov. 2, 2012) (unpublished) (recommending dismissal for lack of personal jurisdiction action alleging that Senators not elected from forum state failed to take action in response to plaintiff's request), *adopted by*, 2012 WL 6115056 (S.D. Tex. Dec. 10, 2012) (unpublished).

### IV. Brunson has failed to state a plausible claim for relief.

In considering 12(b)(6) motions, the court starts by examining the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[54] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[55] The court must "accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."[56] That said, a court is not required to accept as true conclusory statements or legal conclusions couched as factual allegations.[57] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[58] A court must "draw on its judicial experience and common sense" to determine "whether a complaint states a plausible claim for relief."[59]

Here, the plausibility requirement of Rule 8 has not been met. Just because a few members of Congress may have claimed there were improprieties in the election or that further investigation was proper, other members of Congress were under no duty to agree and Brunson has not adequately alleged a proper legal basis to compel further investigation to have been undertaken before Defendants counted the electoral votes properly presented. Claims that cannot

---

[54] *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).

[55] *Id.*

[56] *Albers v. Board of Cty. Comm'rs*, 771 F.3d 697, 700 (10th Cir. 2014); *see also Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1225 (D. Utah 2016).

[57] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

[58] *Id*. at 678.

[59] *Id*. at 679; *see also Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018).

state a proper basis for relief are subject to dismissal with prejudice under Rule 12(b)(6) for failure to state a proper claim for relief. The claims presented by Brunson are implausible by their very nature, and the billions of dollars demanded, in addition to the other relief sought, show how frivolous the claims of Brunson are. Further, a court is not "required to review voluminous extraneous materials [like those Brunson attached to his fourth amended complaint] in an effort to address deficiencies in the complaint and identify facts to support a plaintiff's legal theories."[60]

No court, to Defendants' knowledge, has ever recognized a cause of action against a Member of Congress for the alleged failure to take legislative action to a constituent's satisfaction.[61] Accordingly, Brunson's complaint is also and alternatively subject to dismissal with prejudice for failure to state a cognizable claim.

---

[60] *Rusk v. Univ. of Utah Healthcare Risk Mgmt.*, 2016 UT App 243, ¶ 7, 391 P.3d 325, 327.

[61] *See Apple v. Glenn*, 183 F.3d 477, 478–79 (6th Cir. 1999) (affirming sua sponte dismissal for lack of subject matter jurisdiction of action based on implausibility of First Amendment claims against United States Senator and other top government officials for their alleged failure both to respond and to take action in response to plaintiff's requests); *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992) (upholding dismissal of claim against congressman arising out of service to a constituent, stating "[f]or the federal judiciary to subject members of Congress to liability for simply doing their jobs would be unthinkable" because it would violate the separation of powers doctrine); *Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988) (holding that a congressman's "failure to assist [a constituent] was neither inappropriate nor actionable"); *Daviscourt v. Claybrook*, No. C18-1148, 2019 WL 3458000, at *5 (W.D. Wash., July 31, 2019) (unpublished) (dismissing claims that Senate staffer "fail[ed] to investigate the IRS' alleged wrongdoing"), *aff'd*, 821 F. App'x 855, 856 (9th Cir. 2020); *Damato v. Rell*, No. 3:09-cv-1485, 2010 WL 2475666, at *3 (D. Conn. June 14, 2010) (unpublished) ("The refusal of a member of Congress to assist a constituent . . . does not constitute a cognizable claim"); *Lannak v. Biden*, No. Civ.06 180, 2007 WL 625849, at *2 (D. Del. Feb. 27, 2007) (unpublished) (same).

## CONCLUSION

For the foregoing reasons, Defendants request that this action be dismissed without prejudice for lack of subject matter jurisdiction, or alternatively dismissed with prejudice for failure to state a claim.

Dated this 1st day of July, 2022.

TRINA A. HIGGINS
United States Attorney

*/s/ Andrew Choate*
ANDREW CHOATE
Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that on July 1, 2022, the following document:

**Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim**

was served by U.S. Mail and e-mail to the following individuals:

Loy Brunson
138 East 12300 South, Apt. C-196
Draper, Utah 84020
loybrunson@gmail.com

                                      */s/ Andrew Choate*
                                      ANDREW CHOATE
                                      Assistant United States Attorney