**Loy Arlan Brunson**
**138 East 12300 South #C-196**
**Draper, UT 84020**
**Telephone: 801-375-3278**
**Email: Loy@7discoveries.com**
**Pro Se**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| LOY ARLAN BRUNSON in his personal capacity and as a member of "We The People",<br>Plaintiff,<br><br>vs.<br>ALMA S. ADAMS ; et al.,<br><br>Defendants. | **PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISIDICTION AND FAILURE TO STATE A CLAIM FOR RELIEF**<br><br>Case No. 2:21-cv-00175<br><br>Judge: Robert J. Shelby<br><br>Magistrate Judge: Cecilia M. Romero |

## ARGUMENT

The notice of appearance (ECF 63) states that Andrew Choate and Trina A. Higgins are attorneys for Defendant the United States of America which is not a Defendant in this case. The motion to dismiss (ECF 62) should be denied because these two attorneys do not represent the Defendants of this case.

It is the design of Defendants to paint Brunson's complaint as having no merit so that this court will not address Brunson's arguments regardless of Brunson's right to be heard[1].

[1] "The right of a litigant to be heard is one of the fundamental rights of due process of law. A denial of the right requires a reversal." Council Of Federated Organizations v. MIZE, 339 F.2d 898 (5th Cir. 1964). And "(". . . an opportunity to be heard in a meaningful way are at the very heart of procedural fairness . . .")" Brent Brown Dealerships v. Tax Com'n, MVED, 2006 UT App 261. And "*[E]very person* who brings a claim in a court or at a hearing held before an administrative agency has a due process right to receive a fair trial in front of a fair tribunal." *Id.*

Brunson's complaint has nothing to do with the outcome of the most recent presidential election. It has everything to do with how the Defendants voted against **investigating** the allegations that the last presidential election was rigged.

Brunson's complaint alleges that 100 members of U.S. Congress supported with over 1,000 affidavits testified that the election needed to be **investigated** due to allegations that there was a serious threat to our election process. This is not disputed.

The Defendants under their oath of office has sworn that they would protect and defend the U.S. Constitution against all enemies foreign and domestic. Therefore they were obligated by their oath to **investigate** allegations if there was or was not a threat to the election process. See the whole of Brunson's complaint.

If President Trump had won the election and 100 members of U.S. Congress made the same allegation of there being a serious threat to the election process, Brunson's position with this lawsuit would be the same. If Defendants motion to dismiss is granted they will no doubt thwart any **investigation** of future crime and corruption tied to our voting system.

To correct, clarify and avoid any possible further confusion on Brunson's position;

A win for Defendants is a win against **INVESTIGATING** fraud in the next election.

A win for Defendants is a win against **INVESTIGATING** any Russian interference in the next election.

A win for Defendants is a win against **INVESTIGATING** Trump if he chooses to rig his next election.

---

(quotations and citations omitted)." *Brent Brown Dealerships v. Tax Com'n*, MVED, 2006 UT App 261.

A win for Defendants is a win against **INVESTIGATING** Democrats or Republicans if they choose to rig an election.

A win for Defendants is a win for enemies against a Constitutional sound election.

A win for Defendants is a win against **INVESTIGATING** foreign and domestic enemies against the Constitution of the United States who operate under our election process.

A win for Defendants is a win against Article VI of the U.S. Constitution that requires all Defendants be bound by oath. It is impossible for Defendants to be bound by oath if they are allowed protections through required waivers, jurisdictional and legislative immunity from being prosecuted in this action.

Also under Amendment 1 of the U.S. Constitution Defendants in this case have no jurisdictional or legislative immunity. The Defendants' argument that Brunson must get permission to bring his action only in the U.S. Federal Court of Claims violates the 1st Amendment which mandates that Congress cannot make any law that would keep Brunson from bringing this action against the Defendants for a redress of his grievances.

Again, Brunson's complaint has nothing to do with the results of the said election as the Defendants would like the court to believe.

Allegations that our election integrity has been compromised need to be investigated in order to discover if the allegations are true, otherwise we know not if the election was compromised thus potentially giving aid and comfort to enemies of the U.S. Constitution. Such enemies cannot be protected by any court of law under any argument whatsoever.

If war was declared against the United States we would see the loss of life and property. If the attacker won, their leader would be put into power to rule over us all. A successful rigged

election is a domestic enemy moving as an act of war without the loss of life and property and it puts into power their victor.

Again the U.S. Constitution, statutes, law and acts of congress cannot protect the failure of the Defendants to investigate the serious allegations of a rigged election which is an act of fraud and fraud vitiates everything[2].

Defendants cannot hide behind or be protected under their jurisdictional claims from Brunson's fraud claims because it is a "stern but just maxim of law that fraud vitiates everything into which it enters". *Id footnote 1.*

In addition to Defendants jurisdictional claims being vitiated by fraud, Brunson has an unfettered right to bring this action against the Defendants in this court. The Utah Supreme Court in the case of *American Bush v. City Of South Salt Lake,* 2006 UT 40 140 P.3d.1235 has ruled that Brunson's unfettered right to sue the Defendants is "not measured by the powers of the rulers" and that Governmental powers "do not measure the rights of the governed". Therefore Defendants jurisdictional claims that are developed by statute are powers that measure Brunson's right to sue the Defendants in this court which is unconstitutional. In a most recent decision by the Supreme Court of the United States stated that " . . . we have made clear that individual rights enumerated in the Bill of Rights and made applicable against the States through the Fourteenth Amendment have the same scope as against the Federal Government". *New York State Rifle &*

---

[2] "Our courts have consistently held that fraud vitiates whatever it touches, *Morris v. House*, 32 Tex. 492 (1870)". *Estate of Stonecipher v. Estate of Butts*, 591 SW 2d 806. And ""It is a stern but just maxim of law that fraud vitiates everything into which it enters." *Veterans Service Club v. Sweeney*, 252 S.W.2d 25, 27 (Ky.1952)." *Radioshack Corp. v. ComSmart*, Inc., 222 SW 3d 256.

Vitiate; "To impair or make void; to destroy or annul, either completely or partially, the force and effect of an act or instrument." West's Encyclopedia of American Law, edition 2.

*Pistol Association, Inc., et al. v. Bruen, et al.*, 597 U. S. ____ (2022). This also means that this court can remove the Defendants from their elected offices[3].

The jurisdictional statutes and case law cited by Defendants wrongfully measure Brunson's right to sue the Defendants in this court and as such are null and void in this case.

Brunson's unfettered right to sue Defendants in this court is also guarded by the U.S. Constitution, "In considering State constitutions we must not commit the mistake of supposing that, because individual rights are guarded and protected by them, they must also be considered as owing their origin to them. These instruments measure the powers of the rulers, but they do not measure the rights of the governed." They do not measure Brunson's right to sue the Defendants in this court. *Id* for quotations.

It is Brunson's unfettered right to sue Defendants for their breach of their Oath of office, which oath was made to protect Brunson's personal rights. Brunson's personal "rights are guarded and protected by them". The Oath of office is "Designed for their protection in the enjoyment of the rights and powers" of Brunson, and to sue Defendants for a redress of grievances found under his causes of actions against the Defendants. *Id* for quotations.

All of the statutes and case law cited by Defendants in support of their jurisdictional claims do not apply in this case because they stand in the way of Brunson's unfettered right to

---

[3] Fourteenth Amendment, Section 3: "No person shall be a Senator or Representative in Congress, or elector of President and Vice-President, or hold any office, civil or military, under the United States, or under any state, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof."

sue Defendants. (Maybe their jurisdictional claims are better fitted in a criminal proceeding against them.)

Again, Congress, nor any other legislative branch of Government, has not the right to curtail Brunson's unfettered right to require Defendants to answer his complaint within this court. Statutes and case law "grants no rights to the people", rather they are "Designed for their protection in the enjoyment of the rights and powers which" Brunson has always possessed. It is Brunson's unfettered right to sue the Defendants herein which requires them to answer his complaint. *Id* for quotations.

Statutes and case law are "not the beginning of a community, nor the origin of private rights; it is not the fountain of law, nor the incipient state of government . . . it grants no rights to the people." In complete disregard of the Constitution of the United States, Defendants expound statutes and case law in order to be exempt from Brunson's claims. ". . . In considering State constitutions we must not commit the mistake of supposing that, because individual rights are guarded and protected by them, they must also be considered as owing their origin to them. These instruments measure the powers of the rulers, but they do not measure the rights of the governed [. . . . [A state constitution] is not the beginning of a community, nor the origin of private rights; it is not the fountain of law (statutes and case law cannot be the foundation of law), nor the incipient state of government; it is not the cause, but consequence, of personal and political freedom; **it grants no rights to the people**, but is the creature of their power, the instrument of their convenience. Designed for their protection in the enjoyment of the **rights and powers which they possessed before the constitution was made,** it is but the framework of the political government, and necessarily based upon the pre-existing condition of laws, rights, habits, and modes of thought. There is nothing primitive in it: it is all derived from a known

source. It presupposes an organized society, law, order, property, personal freedom, a love of political liberty, and enough of cultivated intelligence to know how to guard it against the encroachments of tyranny." (Bold emphasis and parenthesis added) *American Bush v. City Of South Salt Lake,* 2006 UT 40 140 P.3d.1235. Then the statutes and case law cited by Defendants do NOT protect Brunson's right to sue the Defendants because the only statutes that can ever be enacted by any legislative body are those that further and protect Brunson's rights.

Article III courts cannot be a creation that would violate any part of Brunson right to sue the Defendants in this court. They were created as an avenue that Brunson could seek redress of grievances especially where Defendants have violated their oath of office against Brunson, and committed treason against Brunson as outlined in Brunson's causes of action against the Defendants.

Brunson's right to sue the Defendants in this court cannot be blocked by Defendants jurisdictional arguments.

The two clauses of the Declaration of Independence[4] are connected to Amendment IX of the Constitution of the USA which states "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." Therefore, the purpose of the Constitution guarantees Brunson's right to sue the Defendants and cannot be

---

[4] "When in the Course of human events, it becomes necessary for one people to dissolve the political bands which have connected them with another, and to assume among the powers of the earth, the separate and equal station to which the Laws of Nature and of Nature's God entitle them, a decent respect to the opinions of mankind requires that they should declare the causes which impel them to the separation.

We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness. That to secure these rights, Governments are instituted among Men, deriving their just powers from the consent of the governed,—That whenever any Form of Government becomes destructive of these ends, it is the Right of the People to alter or to abolish it . . ."

overturned by statutes or case laws. The Constitution cannot be construed by any means, by any legislative, judicial and executive bodies, by any court of law to deny or disparage our unalienable rights. This is the supreme law of the land. "This Constitution, and the Laws of the United States which shall be made Pursuance thereof; . . .shall be the supreme Law of the land; and the Judges in every State shall be bound thereby." *See* Article VI of the Constitution.

Furthermore "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, which shall be administered without denial or unnecessary delay; and no person shall be barred from prosecuting or defending **before any tribunal in this State**, by himself or counsel, any civil cause to which he is a party." (bold and underline emphasis added) Article I Section 2 of the Utah State Constitution. The Utah State Constitution protects Brunson's rights to sue Defendants in this state.

Also ""The right of petition is one of the freedoms protected by the Bill of Rights, and we cannot, of course, lightly impute to Congress an intent to invade these freedoms." *Id.*, at 138. . . .The same philosophy governs the approach of citizens or groups of them to administrative agencies (which are both creatures of the legislature, and arms of the executive) and to courts, the third branch of Government. Certainly the right to petition extends to all departments of the Government. The right of access to the courts is indeed but one aspect of the right of petition." (Internal citations omitted) *California Motor Transport Co. Et Al. v. Trucking Unlimited Et Al*. 404 U.S. 508 (1972). Brunson's right to sue Defendants is not barred by Defendants sovereign or jurisdictional immunity claims.

In addition, Defendants immunity claims would grant them a title of nobility from being sued in this court which is unconstitutional and is not recognized in Utah. Article I Section 10

Clause 1 states "No State shall . . pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility."

Defendants' claim that Brunson did not state a claim upon which relief can be granted is self conclusory and as such has no merit. Defendants had every opportunity to show the elements required to state a claim for each cause of action and how Brunson did not do this, but Defendants chose not to do this. And if there is any doubt as to Brunson's claims "The courts are a forum for settling controversies, and if there is any doubt about whether a claim should be dismissed for **the lack of factual basis**, **the issue should be resolved in favor of giving the party an opportunity to present its proof.**" *Colman v. Utah State Land Bd*., 795 P.2d 622, 624 (Utah 1990) (citations omitted, bold emphasis added).

In addition, this court has already ruled that Brunson's complaint (fourth amended complaint) is sufficient to pass muster under Rule 8. The court ruled in (ECF 15) that "Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The requirements of Rule 8 mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991)" And "To satisfy Rule 8, Plaintiff must clearly state what each defendant—typically, a named government employee—did to violate Plaintiff's civil rights. See Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" Stone v. Albert, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting

Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)). Furthermore, "[a]ny individual who seeks to invoke the jurisdiction of the federal courts must allege an actual 'case or controversy.'" Martin v. Box, No. CIV-09-0192, 2009 WL 1605657, at *3 (W.D. Okla. June 5, 2009) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). That means Plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Raines v. Byrd, 521 U.S. 811, 818–819 (1997) (quotation omitted)." The court continued by stating that "Plaintiff must, within thirty days of the date of this Order, cure the deficiencies in the Amended Complaint and comply with Rule 8".

This Order eventually lead the court to file Brunson's fourth amended complaint and allowed it to be served with the summons signed by the court. This ruling also acknowledges that this court has jurisdiction to hear this case otherwise it would have stated otherwise.

Defendants also claim that this lawsuit cannot remove the Defendants from their offices. The above stated Order conceded that Brunson's complaint can. In addition, it's self evident that it can. In the protection of Brunson's rights, as pointed out above, he doesn't have to wait for Congress, or any other Governmental body, to remove Defendants when they have violated their oaths by their acts of fraud, and have committed treason.

Courts do have authority to remove the Defendants from their offices as demonstrated in 18 U.S. Code § 2381 which states "Whoever, owing allegiance to the United States, levies war against them or adheres to their enemies, giving them aid and comfort within the United States or elsewhere, is guilty of treason and shall suffer death, or shall be imprisoned not less than five years and fined under this title but not less than $10,000; and shall be <u>incapable of holding any office under the United States.</u>" (Under line emphasis added) A court adjudicating that a sitting congressman is incapable of holding his office also constitutes a removal of his office, otherwise

the code in court is useless.

Foot note 2 of Defendants motion alleges that this case should be dismissed because Brunson did not properly serve the United States attorney's office a copy of the complaint. Defendants do not explain how this prejudiced them, and if they didn't have a copy of the complaint how is it that they timely appeared and filed their motion to dismiss?

WHEREFORE, in the interest of justice and as a matter of law, Brunson moves this court to deny Defendant's motion to dismiss and to order the Defendants to answer the complaint within 10 days after the dismissal.

Humbly submitted this the 6th day of July, 2022.

/s/ *Loy Arlan Brunson*
Loy Arlan Brunson, Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of July, 2022 I caused to be mailed by United States first class mail, to the parties named below, a true and correct copy of **PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISIDICTION AND FAILURE TO STATE A CLAIM FOR RELIEF.**

Trina A. Higgins
Andrew Choate
US Attorney's Office
111 South Main Street, Suite #1800
Salt Lake City, Utah 84111

/s/ *Loy Arlan Brunson*___
Loy Arlan Brunson