IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LOY ARLAN BRUNSON, <br><br> Plaintiff, <br> v. <br><br> ADAMS, et al., <br><br> Defendant. | REPORT AND RECOMMENDATION <br><br> Case No. 2:21-cv-00175-RJS-CMR <br><br> District Judge Robert J. Shelby <br><br> Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 8). Before the court is Defendants'[1] Motion to Dismiss (Motion) (ECF 62) Plaintiff Loy Arlan Brunson's (Plaintiff or Mr. Brunson) Fourth Amended Complaint (ECF 41). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the undersigned RECOMMENDS that the court GRANT the Motion and dismiss this action without prejudice for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiff initiated this suit on March 23, 2021 (ECF 2). Plaintiff later filed an Amended Complaint (ECF 10) and a Second Amended Complaint (ECF 21) with leave of court (ECF 15). When the court granted Plaintiff's request for leave to file a third amended complaint (ECF 33), Plaintiff filed a document erroneously entitled "fourth amended complaint" that was lodged on the docket (ECF 36). After the court clarified that this document would be the operative pleading (ECF 40), Plaintiff's Fourth Amended Complaint (ECF 41) was officially entered on the docket.

---

[1] Defendants consist of 387 current or former federal government officials including members of the U.S. Congress, President Biden, Vice President Harris, and former Vice President Pence.

As set forth in the Fourth Amended Complaint, Plaintiff brings suit as a voter claiming that the 2020 United States presidential election was fraudulent and that Defendants violated their oaths of office by failing to investigate claims of election fraud (ECF 41, ¶¶ 32–35). Plaintiff asserts the following six causes of action against all Defendants: (1) promissory estoppel based on Defendants failing to protect his right to participate in an honest and fair election (*id.* ¶¶ 73–87); (2) promissory estoppel based on Defendants giving aid and comfort to enemies of his right to vote in an honest and fair election (*id.* ¶¶ 88–92); (3) negligence (*id.* ¶¶ 93–96); (4) intentional infliction of emotional distress (*id.* ¶¶ 97–105); (5) fraud (*id.* ¶¶ 106–27); and (6) civil conspiracy (*id.* ¶¶ 128–33). Plaintiff's requested relief includes monetary relief totaling over $2.9 billion derived from fines against each Defendant; declaratory relief in the form of an order stating that Defendants "failed to protect the U.S. Constitution" and "gave aid and comfort to enemies of the U.S. Constitution" and that former President Trump "immediately be allowed to be inaugurated President of the U.S.A."; and injunctive relief removing Defendants from office, prohibiting them from serving in any government office or the legal profession, forbidding them from collecting further income or retirement, and investigating each of them for treason (*id.* ¶¶ 134–82).

On July 1, 2022, Defendants filed the instant Motion (ECF 62) seeking dismissal of the Fourth Amended Complaint on the grounds that Plaintiff has failed to establish Article III standing, and Plaintiff's claims are barred by sovereign and legislative immunity. Plaintiff filed a timely Response (ECF 64) arguing that the United States does not have the authority to represent the named Defendants, and that Utah law and the U.S. Constitution provide a basis for his claims to proceed (ECF 64). Defendants filed a Reply (ECF 65) responding that none of Plaintiff's arguments overcome the jurisdictional defects in his pleading. Plaintiff then submitted the matter for decision (ECF 66).

## II. LEGAL STANDARDS

Defendants seek dismissal of the Fourth Amended Complaint pursuant to Rule 12(b)(1) for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Federal courts "are courts of limited subject-matter jurisdiction." *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015). Because of this, "there is a presumption against [this court's] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). To establish jurisdiction, the plaintiff "must 'allege in his pleading the facts essential to show jurisdiction' and 'must support [those facts] by competent proof.'" *United States ex rel Precision Co. v. Koch Indus.*, 971 F.2d 548, 551 (10th Cir. 1991) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Because Plaintiff is proceeding *pro se*, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not the court's function to assume the role of advocate on behalf of pro se litigants. *See id.* The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir. 1997). The court reviews the Fourth Amended Complaint in light of these standards.

## III. DISCUSSION

Defendants argue that Plaintiff has failed to meet his burden to establish standing by failing to sufficiently allege an injury in fact and redressability of his injury (ECF 62 at 4–6). Article III of the U.S. Constitution limits federal jurisdiction to the resolution of actual cases and controversies. U.S. Const. art. III, § 2. Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Comm. to Save the Rio Hondo v. Lucero*, 102 F.3d 445,

447 (10th Cir. 1996) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). To maintain standing in this action, the plaintiff must establish that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 337 (2016) (citing *Lujan*, 504 U.S. at 560). The key issue in determining standing is "whether the party seeking relief has alleged such a personal stake in the outcome of the controversy as to assure . . . concrete adverseness . . ." *United States v. Richardson*, 418 U.S. 166, 173 (1974) (quoting *Flast v. Cohen*, 392 U.S. 83, 99 (1968)).

To establish an injury in fact, "the plaintiff must show 'a distinct and palpable injury to [him]self.' An abstract injury is not enough . . ." *Ash Creek Mining Co. v. Lujan*, 969 F.2d 868, 875 (10th Cir. 1992) (quoting *Glover River Org. v. United States Dep't of Interior*, 675 F.2d 251, 254 (10th Cir. 1982)). Here, Plaintiff's claims are based on the alleged deprivation of his right to participate in an honest and fair election as a voter in the 2020 U.S. presidential election (ECF 41). Defendants argue that Plaintiff has alleged only a generally available grievance about government and therefore fails to establish Article III standing (ECF 62 at 5). Defendants note that a similar case was recently dismissed by this court based on lack of standing. In *Raland Brunson v. Adams, et al.*, the plaintiff asserted nearly identical claims based on the premise that the 2020 election was fraudulent. *See Brunson v. Adams*, No. 1:21-cv-0111-JNP-JCB, 2022 WL 316718, at *1 (D. Utah Jan. 6, 2022), *report and recommendation adopted* 2022 WL 306499 (D. Utah Feb. 2, 2022), *aff'd* No. 22-4007, 2022 WL 5238706 (10th Cir. Oct. 6, 2022). In that case, the district court held that the plaintiff "failed to establish standing . . . because all of his causes of action plead generalized claims of legislative nonfeasance arising out of the counting of electors' votes." *Brunson*, 2022 WL 316718, at *3. The court reasoned that the plaintiff's purported injury was "precisely the type

4

of undifferentiated and generalized grievance about the conduct of government that courts have declined to consider based on standing." *Id.*

The court agrees that Plaintiff's claims are subject to dismissal for the same reasons. Courts have consistently held that, as here, "a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *See, e.g.*, *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (quoting *Lujan*, 504 U.S. at 573–74); *see also Cogswell v. United States Senate*, 353 F. App'x 175, 175–76 (10th Cir. 2009) (affirming dismissal of generalized grievance alleging unconstitutional Senate delay in filling two district court vacancies); *Raiser v. Daschle*, 54 F. App'x 305, 306–07 (10th Cir. 2002) (affirming dismissal of challenge to Senate's rule referring judicial nominations to Judiciary Committee, holding that "claims of alleged delay because of vacancies in the courts do not establish an injury"). Plaintiff's generalized grievances as a voter in the 2020 election as set forth in the Fourth Amended Complaint (ECF 41) are insufficient to establish Article III standing as required for federal jurisdiction. Plaintiff's claims are therefore subject to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction.[2]

The court also notes that Plaintiff does not directly respond to the standing argument made by Defendants. Rather Plaintiff focuses on the authority of the United States to represent the Defendants, argues Utah law provides him a cause of action in federal court and cites to the Utah State Constitution arguing it gives him a claim in federal court (ECF 65). These arguments have

---

[2] Given that the court has determined that the Fourth Amended Complaint is subject to dismissal in its entirety, the court does not reach Defendants' alternative arguments for dismissal.

no merit as Congress has authorized the Department of Justice to represent federal employees, *see* 28 U.S.C. § 516, and Utah state law cannot be a basis for federal jurisdiction, *see* 28 U.S.C. § 1331. Considering that Plaintiff failed to directly respond to this argument, his claims should be dismissed. *See, e.g.*, *Davis v. Utah*, No. 2:18-cv-926-TS, 2019 WL 2929770, *7 (D. Utah July 18, 2019) ("Defendants also seek dismissal of Plaintiffs' freedom of association claim. Plaintiffs have failed to respond to this argument. Therefore, the Court will dismiss this claim."); *Knudsen v. Country wide Home Loans, Inc.*, No. 2:11-cv-429-TS, 2011 WL 3236000, *2 (D. Utah July 26, 2011) ("Plaintiff has failed to respond to Defendants' arguments concerning his negligent misrepresentation claim. Therefore, the Court finds that Plaintiff has abandoned this claim and it will be dismissed").

## RECOMMENDATION

In summary, IT IS HEREBY RECOMMENDED that Defendants' Motion to Dismiss (ECF 62) be GRANTED and this action be DISMISSED without prejudice.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 6 January 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah