FILED US District Court-UT
JAN 23 '23 AM08:52

**Loy Arlan Brunson**
138 East 12300 South #C-196
Draper, UT 84020
Telephone: 801-375-3278
Email: Loy@7discoveries.com
Pro Se

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LOY ARLAN BRUNSON in his personal capacity and as a member of "We The People",<br><br>Plaintiff,<br><br>vs.<br><br>ALMA S. ADAMS ; et al.,<br><br>Defendants. | **PLAINTIFF'S OBJECTION TO THE REPORT AND RECOMMENDATION**<br><br>Case No. 2:21-cv-00175<br><br>Judge: Robert J. Shelby<br><br>Magistrate Judge: Cecilia M. Romero |

Plaintiff Loy Arlan Brunson ("Brunson") in pro se, and pursuant to Fed. R. Civil P. 72(b)(2)[1] hereby moves this court with his OBJECTION TO REPORT AND RECOMMENDATION ("R&R") (ECF 69) and states:

Plaintiff objects to the R&R because it mischaracterizes serious controlling points of Brunson's complaint and of his opposition to Defendants motion to dismiss ("Opposition"), and it overlooks how the causes of action against Defendants clearly represent how Defendants have personally seriously damaged Brunson beyond irreparable harm, and how these damages coincidentally are so covert and benign that nobody can see how these damages committed against Brunson have also caused a national security breach to such a level that they are to be counted as acts of treason.

---

[1] Within 14 days after any report and recommendation has been filed a party may file an objection, Brunson's objection is timely as the R&R was filed Jan. 6, 2023

1

**First point —Article III Standing**

On page 9 of Brunson's Opposition it clearly points out that this court had already ruled that Brunson has standing. The court did so by allowing Brunson's fourth amended complaint ("Complaint") to be filed when earlier this court rejected the first complaint stating that certain deficiencies need to be cured or the court would dismiss Brunson's claims. See ECF 15.

This said ruling is controlling under the law of the case doctrine. "[U]nder the law of the case doctrine, a decision made on an issue during one stage of a case is binding in successive stages of the same litigation." *IHC Health Servs., Inc.*, 2008 UT 73 ¶ 26 (quotation omitted). But the law of the case doctrine does not apply in "three exceptional circumstances" including "(1) when there has been an intervening change of controlling authority; (2) when new evidence has become available; or (3) when the court is convinced that its prior decision was clearly erroneous and would work a manifest injustice." *Id.* ¶ 34 (citation omitted). When one of these circumstances is present, "reconsideration is mandatory." *McLaughlin v. Schenk*, 2013 UT 20, ¶ 22, 299 P.3d 1139. Otherwise, however, the law of the case doctrine is "a sound presumptive rule and its application should not be disregarded . . . unless a compelling reason exists." *In re Adoption of E.H.*, 2004 UT App 419, ¶ 23, 103 P.3d 177.

The R&R fails to recognize that pursuant to the law of the case doctrine this court has ruled that Brunson does have Article III standing.

The R&R also mischaracterizes Brunson's claims against Defendants as not being against his person. Brunson's claims stem from personal injury he suffered by the hands of Defendants. Nowhere can it be found that Brunson included any other person or persons in any way shape or form besides himself under each of his claims against Defendants. This is controlling.

The R&R points to the case of "*Comm.*" arguing that in order to have Article III standing it cannot claim that "it may be expected to suffer" or claim that it "can imagine circumstances which could be affected." It states that claims must be "actual, threatened, or imminent, not merely conjectural or hypothetical." The R&R does not specifically identify any of Brunson's claims that fail to be actual, threatened, or imminent nor could it, because Brunson's claims are actual, threatened or imminent. For example, beginning at ¶73 of Brunson's Complaint, Brunson's claims allege that the Defendants personally damaged him by failing to protect his vote which by law they were obligated to, and they illegally violated his right to vote, and they illegally invalidated his vote, and they gave aid and comfort to those enemies obstructing Brunson's right to vote, and they set precedence ensuring that Brunson's vote would never be validated.

The Defendants also caused Brunson severe emotional damage because it puts them on a path to violate Brunson's right to freely travel, to freely make a living, to freely have privacy, to freely own property. Essentially Defendants are destroying Brunson's liberties causing Brunson constant emotional damage.

In addition, Brunson further alleges that the said damages he suffered at the hands of Defendants was brought on by their acts of fraud. Brunson's Complaint alleges fraud against the Defendants with specificity.

Furthermore, it is the law and fact that no court of law can overcome that voting is the greatest power that Brunson has as an individual to exercise in a Republic; it is his vote and the way he can help protect his Constitutional guaranteed rights and the U.S. Constitution.

These issues the R&R does not address and as such Brunson objects to the R&R.

3

## Second Point — National Security Breach

In addition to the damages the Defendants have made against Brunson, this case also represents on how these damages are acting as a very powerful domestic covert operation that is so benign that it cannot been seen on how it has breached our national security, and how it is affecting the national security of both Canada and Mexico, and how it has circulated fears that we might soon see the destruction of property along with a large volume of conflict, violence and death in our own streets if the Defendants aren't removed from office by the power of this court.

If war was declared against the United States we would see the loss of life and property. If the attacker won, their leader would be put into power to rule over us all. A successful rigged election has the same effect as war, it puts into power its victor without the loss of life and property. Defendants refused to investigate the allegations of a rigged election and as such have caused damages against Brunson.

Again the U.S. Constitution, statutes, law and acts of congress cannot protect the failure of the Defendants to investigate the serious allegations of a rigged election which is an act of fraud and fraud vitiates everything. Defendants cannot hide behind or be protected under their jurisdictional claims from Brunson's fraud claims because it is a "stern but just maxim of law that fraud vitiates everything into which it enters"[2].

Brunson's Opposition succinctly and factually points out that the Defendants have given aid and comfort to an enemy of the Constitution of the United States who has breached our

---

[2] "Our courts have consistently held that fraud vitiates whatever it touches, *Morris v. House*, 32 Tex. 492 (1870)". *Estate of Stonecipher v. Estate of Butts*, 591 SW 2d 806. And ""It is a stern but just maxim of law that fraud vitiates everything into which it enters." *Veterans Service Club v. Sweeney,* 252 S.W.2d 25, 27 (Ky.1952)." *Radioshack Corp. v. ComSmart*, Inc., 222 SW 3d 256.
Vitiate; "To impair or make void; to destroy or annul, either completely or partially, the force and effect of an act or instrument." West's Encyclopedia of American Law, edition 2.

national security, and has attacked the United States of America under an act of war without arms. One need not pick up arms in order to "levy war". US v Burr (1807) 4 Cranch (8 US) 4669, 2 L.Ed. 684. To this allegation the R&R did not address, rather it ignored it, thus giving the Defendants comfort and aid from prosecution.

The serious nature of this alone requires this court to dismiss Defendants motion to dismiss with an order that Defendants shall answer the complaint within 10 days of dismissal.

### Third Point—Due Process

The R&R did not address many controlling points of the Opposition and as such has violated Brunson's due process rights. Addressing Brunson's controlling points satisfies Brunson's due process right to be heard. Brunson has the right to be heard by this court by addressing his controlling points. Hearing his arguments is addressing Brunson's controlling points which the R&R did not do. Brunson's due process argument is succinctly and legally pointed out in Brunson's Opposition to which the R&R has violated.

### CONCLUSION

WHEREFORE, in the name of justice for Brunson and for our national security, and as a matter of jurisprudence, and as an act to right the wrongs Defendants have caused against Brunson, and as an act to save protect and defend the Constitution, and to protect Brunson's rights, Brunson moves this court to deny Defendants motion to dismiss with an order that Defendants answer the complaint within 10 days after the court's dismissal of their motion to dismiss.

Humbly submitted this the 22nd day of January, 2023.

*[signature]*

Loy Arlan Brunson, Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of January, 2023 I caused to be mailed by United States first class mail, to the parties named below, a true and correct copy of **PLAINTIFF'S OBJECTION TO THE REPORT AND RECOMMENDATION.**

Trina A. Higgins
Andrew Choate
US Attorney's Office
111 South Main Street, Suite #1800
Salt Lake City, Utah 84111

*[signature]*

Loy Arlan Brunson

6