UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LOY ARLAN BRUNSON<br><br>Plaintiff,<br><br>v.<br><br>ADAMS, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE**<br><br>Case No. 2:21-cv-00175-RJS-CMR<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff's Objection[1] to Magistrate Judge Cecilia M. Romero's Report and Recommendation,[2] in which Judge Romero recommends that Plaintiff's Fourth Amended Complaint[3] be dismissed for lack of subject matter jurisdiction.  For the reasons stated below, the Report and Recommendation is ADOPTED in its entirety, and Plaintiff's Fourth Amended Complaint is DISMISSED.

## BACKGROUND AND PROCEDURAL HISTORY

On March 23, 2021, pro se Plaintiff Loy Arlan Brunson filed suit against over 300 current and former federal government officials, including members of the United States Congress, President Biden, Vice President Harris, and former Vice President Pence.[4]  Brunson brought six causes of action, alleging Defendants violated the law by failing to investigate the 2020 presidential election.[5]

---

[1] Dkt. 72, *Plaintiff's Objection to the Report and Recommendation* (*Objection*).

[2] Dkt. 69, *Report and Recommendation* (*Report*).

[3] Dkt. 41, *Fourth Amended Complaint* (*FAC*).

[4] Dkt. 2, *Original Complaint*.

[5] *See id.*

1

Brunson later amended his Complaint[6] and filed a Motion requesting court assistance in serving Defendants.[7] Judge Romero denied the Motion, instructing Brunson that court-ordered service is required only if a plaintiff is authorized to proceed in forma pauperis.[8] In her Order, Judge Romero also informed Brunson that the Amended Complaint failed to meet proper federal requirements because it did not articulate "exactly *who* is alleged to have done *what* to *whom*,"[9] and did not "allege an actual case or controversy" sufficient to establish jurisdiction.[10] Brunson was ordered to cure the deficiencies in his Amended Complaint within thirty days of the Order or face dismissal of his claims.[11]

On April 6, 2021, Brunson filed a Second Amended Complaint along with another Motion for Service of Process.[12] However, shortly thereafter Brunson filed a Motion for Leave to File a Third Amended Complaint.[13] Judge Romero issued an Order denying the Motion for Service while granting the Motion to Amend.[14] Judge Romero again explained the court is under no obligation to order service because Brunson is not proceeding in forma pauperis.[15] In granting leave to amend, Judge Romero gave Brunson "one final opportunity [to] correct the deficiencies in his pleading" within thirty days.[16] She explained that Brunson needed "factual allegations regarding the conduct of each defendant that supports each element of his claims,"

---

[6] Dkt. 10, *First Amended Complaint.*

[7] Dkt. 5, *Motion for Service of Process.*

[8] Dkt. 15, *Order Denying Motion for Service of Process and Ordering Plaintiff to Amend Deficient Complaint.*

[9] *Id.* at 2 (quoting *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (emphasis in original) (internal citation and quotation omitted)), 3 (emphasis in original).

[10] *Id.* at 2.

[11] *Id.* at 3.

[12] Dkt. 21, *Second Amended Complaint*; Dkt. 22, *Second Motion for Service of Process.*

[13] Dkt. 24.

[14] Dtk. 33, *Order Re: Motions* at 4.

[15] *Id.* at 3.

[16] *Id.* at 2, 4.

and instructed him "to carefully review the instructions provided" in the Prior Order and the present Order "to ensure that [the] amended complaint meets the minimal pleading standards of Rule 8."[17]

Brunson objected to Judge Romero's Second Order and filed a third Motion for Service of Process.[18] All objections were overruled and Judge Romero denied the third Motion for Service of Process for the reasons stated in the prior Orders.[19]

On March 28, 2022, Brunson filed a Fourth Amended Complaint[20] (FAC) with a fourth Motion for Service of Process.[21] Once again, the Motion for Service of Process was denied on the same grounds as set forth in the three prior Orders.[22] Brunson again objected to the Order denying service of process and the court overruled the objections for a second time.[23]

Similar to the original Complaint, the FAC brings six causes of action against over 300 federal officers concerning their roles in the 2020 presidential election.[24] Brunson alleges he voted in the election, the election was rigged and fraudulent, Defendants played a role in effecting the rigged election, and in doing so violated his "right to vote in an honest and fair election, causing extreme sever[sic] and emotional shock and distress."[25] As for redress,

---

[17] *Id.* at 2.

[18] Dkt. 34, *Motion for Correction of Mistake on Order*; Dkt. 37, *Motion for Service of Process on Plaintiff's Fourth Amended Complaint*.

[19] Dkt. 39, *Order denying Motion for Correction of Mistake on Order* (*Order denying Correction*); Dkt. 40, *Order denying Plaintiff's Motion for Service of Process*.

[20] Technically, this is Brunson's Third Amended Complaint despite it being titled "Fourth Amended Complaint." When he filed his Motion to Amend, Brunson attached a "Third Amended Complaint" as an Exhibit, but that did not constitute the filing of the Third Amended Complaint accepted by the court or the docket. For uniformity and clarity, the court refers to this filing as the Fourth Amended Complaint, given that is its docketed name and how it is referred to in court filings.

[21] *See FAC*; Dkt. 42, *Motion for Service of Process of Plaintiff's FAC*.

[22] Dkt. 44, *Order Denying Plaintiff's Motion for Service of Process.*

[23] Dkt. 46, *Objection to Order*; Dkt. 48, *Order Overruling Plaintiff's Objection to Order.*

[24] *See generally FAC*.

[25] *See, e.g. FAC* ¶¶ 2, 33, 79–80, 89, 95–96, 103, 104, 118, 124, 133.

Brunson seeks approximately $2.9 billion in damages, and an order removing Defendants from office and reinstating former President Trump.[26]

On July 1, 2022, Defendants filed a Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim for Relief.[27] Among other things, Defendants argued dismissal was necessary because Brunson lacks standing to pursue his claims.[28] Specifically, Brunson has not sufficiently alleged he suffered an injury in fact personal to him nor has he sufficiently alleged his injury is redressable by a favorable judicial decision.[29]

Once the Motion was fully briefed, Judge Romero found oral argument unnecessary and instead recommended dismissal in a Report and Recommendation (Report).[30] Judge Romero evaluated Brunson's pleadings under the liberal pleading standard afforded pro se litigants and concluded the FAC must be dismissed under Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)) for lack of subject-matter jurisdiction.[31] Judge Romero found Brunson alleged only a "generally available grievance about government" rather than the required "distinct and palpable injury to [him]self."[32] Judge Romero concluded by notifying Brunson of his right to object to the Report within fourteen days of being served with a copy and warning him that a failure to do so "may constitute a waiver of objections upon subsequent review."[33]

---

[26] *Id.* ¶¶ 174, 181–82.

[27] Dkt. 62, *Motion to Dismiss* (*MTD*).

[28] *MTD* at 1, 4–6.

[29] *MTD* at 4–6.

[30] Dkt. 64, *Opposition to Motion to Dismiss*; Dkt. 65, *Memorandum in Support re: Motion to Dismiss*; Dkt. 69, *Report*.

[31] *Report* at 1, 3.

[32] *Report* at 4 (internal citations and quotations omitted).

[33] *Report* at 6.

Brunson objected to the Report on January 23, 2023.[34] He first argued Judge Romero already found he had standing for his claims and this ruling controlled under the law of the case doctrine.[35] On the merits, Brunson argued he sufficiently alleged injury when he claimed "Defendants personally damaged him by failing to protect his vote which by law they were obligated to, and they illegally violated his right to vote, and they illegally invalidated his vote, and they gave aid and comfort to those enemies obstructing Brunson's right to vote."[36] Brunson further claimed Defendants caused him "severe emotional damage because it puts them on a path to violate Brunson's right to freely travel, to freely make a living, to freely have privacy, to freely own property. Essentially, Defendants are destroying Brunson's liberties causing Brunson constant emotional damage."[37]

The court now turns to the arguments.

## LEGAL STANDARDS

Brunson proceeds pro se. While the court "liberally construe[s] pro se pleadings, . . . pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[38]

The applicable standard of review in considering objections to a magistrate judge's report and recommendation depends on whether a party lodges both a timely and specific objection to

---

[34] Dkt. 72. Additionally, the court received a letter from an interested nonparty. *See* Dkt. 70. The author cites this case number before affirming her commitment to protecting the Constitution and insisting Defendants must be removed from office for failing to back the Constitution. *See id.* Even liberally construed, the letter does not appear to be an objection to the Report. It does not address the Report or its conclusion that Brunson lacks standing and the case should be dismissed. *See id.*

[35] *Objection* at 2.

[36] *Id.* at 3.

[37] *Id.*

[38] *Ogden v. San Juan Cty.,* 32 F.3d 452, 455 (10th Cir. 1994) (citation omitted).

it.[39]  De novo review applies only when a party files an objection within fourteen days that is "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute."[40]  In those instances, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."[41]

Under the Tenth Circuit's "firm waiver" rule, where there is no timely and specific objection, appellate review of both factual and legal questions has been waived.[42]  A party must make both timely and specific objections to a magistrate judge's report "to preserve an issue for de novo review by the district court or for appellate review."[43]  A court may choose not to apply the firm waiver rule "when the interests of justice so dictate."[44]

The underlying Motion to Dismiss is brought under Rule 12(b)(1).[45]  A Rule 12(b)(1) motion can be made on the ground "the plaintiff lacks standing and therefore the court lacks subject matter jurisdiction."[46]  A federal court's jurisdiction is limited to "only genuine Cases and Controversies."[47]  The party invoking this jurisdiction "has the burden to establish it is proper, and there is a presumption against its existence."[48]

---

[39] *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[40] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); Fed. R. Civ. P. 72(b)(2).

[41] Fed. R. Civ. P. 72(b)(3); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court." (citations omitted)).

[42] *One Parcel of Real Prop.*, 73 F.3d at 1059 (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

[43] *Id.* at 1060.

[44] *Moore*, 950 F.2d at 659 (citations omitted) (joining other courts to conclude the firm waiver rule need not apply to pro se litigants who were not advised of the consequences of any failure to object).

[45] *MTD* at 1.

[46] *Baca v. Colo. Dep't of State*, 935 F.3d 887, 905 (10th Cir. 2019), *rev'd on other grounds*, 140 S. Ct. 2316 (2020).

[47] *Kerr v. Polis*, 20 F.4th 686, 692 (10th Cir. 2021) (internal citations and quotations omitted).

[48] *Baca*, 935 F.3d at 906 (internal citation and quotations omitted).

To show constitutional standing and invoke the court's jurisdiction "a plaintiff must establish three things: (1) he suffered an 'injury in fact'—'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical'; (2) the injury is 'fairly traceable to the challenged action of the defendant'; and (3) it is likely the injury will be 'redressed by a favorable decision.'"[49]  "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice."[50] "However, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[51]

## ANALYSIS

The court must first determine whether the Objection is timely and specific enough to trigger de novo review of the Report before turning to the merits.

### I.   Standard of Review

To be timely, Brunson needed to file his Objection "[w]ithin 14 days after being served with a copy of the" Report.[52]  The Report was served on January 6, 2023 at 5:49 pm.[53]  Thus, Brunson needed to file his Objection by Friday, January 20, 2023.[54]  Brunson's Objection was docketed on Monday afternoon, January 23, 2023.[55]  Because Brunson files court documents by emailing them to the clerk's office where they get uploaded to the docket,[56] it is unclear whether

---

[49] *Kerr*, 20 F.4th at 692 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

[50] *Kan. Nat. Res. Coal. v. U.S. Dep't of Interior*, 971 F.3d 1222, 1231 (10th Cir. 2020) (quoting *Lujan*, 504 U.S. at 561).

[51] *Id.* (internal citations and quotations omitted).

[52] Fed. R. Civ. P. 72(b)(2).

[53] *Id.* R. 5(b)(2)(E) (explaining that service through the court's electronic filing system is complete upon filing); *see generally* court docket (noting Brunson's email address for receiving filings through the court's electronic filing system).

[54] Fed. R. Civ. P. 6(1) (calculating time for filings).

[55] *See* Dkt. 72.

[56] *See* Dkt. 6, *Order Granting Motion for Email Filing and Notification.*

his Objection was received Friday in a timely manner but not filed until Monday afternoon. For that reason, the court considers the Objection timely.

Moreover, Brunson's Objection is sufficiently specific. The Report recommended dismissal based on a failure to sufficiently allege an injury in fact to establish standing.[57] Brunson directly addresses standing and makes arguments for finding an injury in fact.[58]

Having determined the Objection is both timely and specific, the court reviews the Report de novo.

## II.   De Novo Review of Specific Objections

The Report recommends dismissal for lack of subject matter jurisdiction because Brunson does not allege an injury in fact sufficient to establish standing.[59] Brunson raises two arguments for why he has standing: 1) the court already ruled on the issue and this controls under the law of the case doctrine, and 2) his claims stem from personal injury.[60] The court addresses each in turn.

### A.   Law of the Case Doctrine

Brunson first claims the court erred in recommending dismissal for lack of subject matter jurisdiction because it already determined he has standing and "[t]his said ruling is controlling under the law of the case doctrine."[61] According to Brunson, Judge Romero ruled on standing when she allowed him to file the FAC after rejecting prior complaints for failing to establish the same.[62] Brunson is mistaken.

---

[57] *Report* at 3–6.

[58] *Objection* at 2–3.

[59] *Report* at 3–6.

[60] *Objection* at 2.

[61] *Id.*

[62] *Objection* at 2.

Under the law of the case doctrine, when a court decides a rule of law at one stage in litigation, that decision governs the issue for subsequent stages in the same case.[63] "However, law of the case principles apply only to decisions on the actual merits."[64] This distinction is fatal to Brunson's argument. After Judge Romero directed Brunson to cure the jurisdictional deficiencies in his First Amended Complaint,[65] she granted him leave to file a new amended Complaint.[66] She did so based on language in the federal rules instructing courts to freely allow amendment and Brunson's pro se status.[67] She did not determine amendment was proper because Brunson had cured the jurisdictional deficiencies in his Complaint by sufficiently alleging standing. To the contrary, the Order explicitly stated Brunson needed "to carefully review the instructions provided [previously] and the deficiencies identified in this . . . Order . . . to ensure that his amended complaint meets the minimal pleading standards."[68]

Because the court did not decide on the merits whether Brunson alleged standing sufficient to establish jurisdiction, the law of the case doctrine is unavailing.

### B. Injury in Fact

Brunson also argues the court erred in concluding he could not establish standing because the allegations show a personal injury that is "actual, threatened, or imminent."[69] The court disagrees.

---

[63] *United States v. Trent*, 884 F.3d 985, 994 (10th Cir. 2018).

[64] *Kennedy v. Lubar*, 273 F.3d 1293, 1299 (10th Cir. 2001).

[65] *Order Denying Motion for Service of Process and Ordering Plaintiff to Amend Deficient Complaint* at 3.

[66] *Order Re: Motions* at 2–3.

[67] *See id.* at 2.

[68] *Id.*

[69] *Opposition* at 2–3.

As noted, to satisfy standing and invoke federal court jurisdiction, a party must establish three elements—injury, causation, and redressability.[70] To establish injury, a plaintiff must show a violation of a legally protected interest that is particular and concrete.[71] Brunson argues he alleged injuries that are both particular and concrete. Because the court finds Brunson's alleged injuries are not particular, it does not address whether the injuries qualify as concrete.

For an injury to be particular, "it must affect the plaintiff in a personal and individual way."[72] A claimed injury that the plaintiff shares "in common with people generally" and no more than the public at large does not satisfy constitutional standing.[73] A particularized injury is distinct, it cannot be harm identical to every other citizen.[74]

Brunson's allegations do not show a particularized injury. In the FAC, he repeatedly claims Defendants violated his "constitutional protected right to participate in a honest and fair election."[75] And in a similar vein, Defendants' refusal to investigate the allegations of a rigged election breached national security and caused Brunson damage.[76] These alleged injuries are not distinct from any other registered voter, but are common to all.

In a similar case, the Tenth Circuit Court of Appeals affirmed dismissal of a complaint for lack of standing because the "Plaintiffs' claimed injuries [were] no different than the supposed injuries experienced by all registered voters."[77] There, "[r]elying on their status as

---

[70] *Colo. Env't Coal. v. Wenker*, 353 F.3d 1221, 1234 (10th Cir. 2004).

[71] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (internal citations omitted).

[72] *Id.* at 339 (internal citations and quotations omitted).

[73] *Lance v. Coffman*, 549 U.S. 437, 439 (2007)(per curiam)(internal citations and quotations omitted); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 343–44 (2006).

[74] *See Rio Grande Found. v. Oliver,* 57 F.4th 1147, 1163 (10th Cir. 2023).

[75] *See, e.g.*, *FAC* ¶¶ 71, 78, 84, 85, 86, 87, 89, 90, 92, 96, 102, 103, 104, 112, 116, 118, 133.

[76] *Opposition* at 4.

[77] *O'Rourke v. Dominion Voting Sys., Inc.*, No. 21-1161, 2022 WL 1699425, at *1 (10th Cir. May 27, 2022), *cert. denied*, 143 S. Ct. 489 (2022).

registered voters for standing," the plaintiffs argued certain private entities and individuals caused plaintiffs damage by influencing or interfering with the 2020 election.[78] The Tenth Circuit held the plaintiffs' injuries were nonjusticiable generalized grievances—they did not "identify any injury to any named plaintiff that is in any way different" than other voters.[79]

Brunson's injuries are similarly generalized grievances. Brunson argues his "claims stem from personal injury he suffered by the hands of Defendants."[80] And, "[n]owhere can it be found that Brunson included any other person or persons in any way shape or form besides himself under each of his claims against Defendants."[81] It is true that Brunson alleges he personally suffered emotionally as a result of Defendants actions in the 2020 election. But just because Brunson personally suffered does not make his injury dissimilar from millions of other voters. The commonality of voters sharing this suffering precludes a finding of a particular injury sufficient to create standing and establish federal jurisdiction.

Because Brunson fails to allege injury sufficient to establish standing and invoke federal jurisdiction, this objection is overruled.[82]

---

[78] *Id.*

[79] *Id.* at *2.

[80] *Opposition* at 2.

[81] *Id.*

[82] The court notes the companion case to this one—filed by Brunson's brother and raising nearly identical claims—was dismissed in part because the plaintiff lacked standing to establish federal court jurisdiction. *See Brunson v. Adams*, No. 121-cv-00111-JNP-JCB, 2022 WL 316718, at *3, 6 (D. Utah Jan. 6, 2022*), report and recommendation adopted*, No. 121-cv-00111-JNP-JCB, 2022 WL 306499 (D. Utah Feb. 2, 2022), *aff'd*, No. 22-4007, 2022 WL 5238706 (10th Cir. Oct. 6, 2022), *cert. denied,* 143 S. Ct. 569 (2023), *reh'g denied*, No. 22-380, 2023 WL 2124291 (U.S. Feb. 21, 2023). There, the court determined the plaintiff's "failure to plead an injury that is concrete and personal to him fails to show that he has standing for any of his claims." *Id.*

### C. Other Objection

Brunson raises an additional objection that, while related to the Report, does not address the grounds for recommending dismissal.[83] He argues the court violated his due process rights by failing to address all the arguments he made in Opposition to the Motion to Dismiss.[84] As an initial matter, Brunson was afforded procedural due process by receiving notice of the Motion and having a reasonable opportunity to respond.[85] More importantly, this argument has no bearing on his standing to bring the case. This objection is likewise overruled.

### CONCLUSION

For the reasons stated above, the Report and Recommendation[86] is ADOPTED in its entirety, and Brunson's Fourth Amended Complaint[87] is DISMISSED. The Clerk of Court is directed to close the case.

SO ORDERED this 20th day of March, 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[83] *Objection* at 4–5.

[84] *Id.* at 5.

[85] *See United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 48 (1993) (explaining procedural due process guarantees "notice and an opportunity to be heard").

[86] Dkt. 69.

[87] Dkt. 41.